# EXHIBIT C

Robert J. Cassity
Nevada Bar No. 9779
Erica C. Medley
Nevada Bar No. 13959
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bcassity@hollandhart.com
ecmedley@hollandhart.com

*Attorneys for FCM MM Holdings, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC., a British Columbia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT FREEMAN, an individual, and FCM MM HOLDINGS, LLC, a Wyoming Limited Liability Company,<br><br>Defendants. | Case No.:<br><br>District Court No.: A-23-874611-B<br><br>**DEFENDANT FCM MM HOLDINGS, LLC's NOTICE OF REMOVAL** |

Defendant FCM MM Holdings, LLC ("FCM" or "Defendant"), by and through its attorneys, Holland & Hart LLP, hereby submits this *Notice of Removal* pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and in support thereof, states as follows:

## I.

## PROCEDRUAL BACKGROUND

1. On July 26, 2023, Plaintiff Mind Medicine (MindMed) Inc., a British Columbia Corporation ("Plaintiff" or "MindMed"), filed a *Complaint* in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-874611-C (the "Complaint").

2. In the Complaint, Plaintiff asserts claims against Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, and injunctive relief. In August 2020, Defendant Scott Freeman ("Dr. Freeman") entered into a Separation Agreement with MindMed, wherein Dr. Freeman consented to personal jurisdiction in Nevada and agreed to be

1

bound by a non-disparagement clause. Approximately two years later, Dr. Freeman, Mr. Jake Freeman, and Mr. Chad Boulanger formed FCM. Plaintiff asserts that FCM is Dr. Freeman's alter ego, thereby binding FCM to Dr. Freeman's forum selection clause and non-disparagement agreement. Plaintiff claims that FCM violated Dr. Freeman's agreement by making public comments about MindMed—a publicly traded company—and launching a proxy campaign against MindMed that was ultimately unsuccessful. MindMed has alleged that FCM's public statements have costs it "tens of millions of dollars." Compl. ¶ 154; *see also id.* ¶ 198 ("MindMed has incurred millions of dollars of costs and damages . . . .").

3. FCM was served with the Complaint and related documents on August 2, 2023.

4. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

5. This Notice of Removal is filed with this Court within thirty (30) days of service of the Complaint.

## II.

## **LEGAL ANALYSIS FOR DIVERSITY JURISDICTION**

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 based on diversity jurisdiction because: (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. This action satisfies the complete diversity requirement. *See* 28 U.S.C. § 1332(a)(1).

8. Plaintiff's Citizenship. FCM is informed and believes that at all relevant times Plaintiff is incorporated in and a citizen of British Columbia. *See* Compl. ¶ 9. A corporation's citizenship includes the state of its principal place of business and the state of incorporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

9. <u>Defendants' Citizenship</u>. Defendant FCM is a Wyoming Limited Liability Company. *See id.* ¶ 16. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). FCM has three members: Dr. Freeman, Mr. Jake Freeman, and Mr. Chad Boulanger. Dr. Freeman resides in and is a citizen of the U.S. Virgin Islands. *See* Compl. ¶ 13. Mr. Freeman resides in and is a citizen of New Jersey. Mr. Boulanger resides in and is a citizen of Tennessee.

10. A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating by a preponderance of the evidence that the opposing parties are citizens of different states and the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)-(B)); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

11. In the notice of removal, "defendants [are] merely required to allege (not to prove) diversity . . . ." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. For purposes of removal, FCM alleges that complete diversity of citizenship exists between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

13. <u>Amount in Controversy</u>. Although FCM denies that MindMed is entitled to recover any amount, and specifically denies that MindMed is entitled to the relief in the various forms sought, the allegations stated in the Complaint place in controversy "tens of millions of dollars," which exceeds $75,000, exclusive of interest and costs. Compl. ¶ 154; *see also id.* ¶ 198 ("MindMed has incurred millions of dollars of costs and damages . . . ."). Accordingly, the jurisdictional amount needed to establish diversity has been met, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

14. <u>Venue</u>. Venue lies in this Court because Plaintiff's action is pending in the Eighth Judicial District Court, Clark County, which is within the District of Nevada.

15. This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. §§ 51-54, 55-60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay,

3

1 loss, or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise
2 under the workmen's compensation laws; and (d) it does not arise under section 40302 of the
3 Violence Against Women Act of 1994.

4     16.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on FCM in Case No. A-23-874611-C, Eighth Judicial District Court, Clark County, Nevada, are attached hereto as follows:

    a.    The Summons and Complaint, including Plaintiff's four appendices of exhibits, are attached hereto as **Exhibit "A"**;

    b.    Plaintiff's Initial Appearance Fee Disclosure is attached hereto as **Exhibit "B"**;

    c.    Plaintiff's Motion to File Exhibits Under Seal is attached hereto as **Exhibit "C"**;

    d.    Plaintiff's Rule 7.1 Disclosure Statement is attached hereto as **Exhibit "D"**;

    e.    Plaintiff's Proof of Service, filed August 7, 2023, is attached hereto as **Exhibit "E"**;

    f.    Plaintiff's Motion for Alternative Service is attached hereto as **Exhibit "F"**;

    g.    Plaintiff's Motions to Associate Alexandra Rex Mayhugh and Amanda Lee Liverzani are attached hereto as **Exhibit "G"**; and

    h.    Order Granting Plaintiff's Motion to File Exhibits Under Seal, filed August 25, 2023, attached hereto as **Exhibit "H."**

    17.    This Notice has been timely filed under 28 U.S.C. § 1446(b).

    18.    Concurrent with the filing of this Notice and in accordance with 28 U.S.C. § 1446(d), FCM will file and serve on all counsel of record FCM's *Notice of Filing Notice of Removal* in Case No. A-23-874611-C of the Eighth Judicial District Court, Clark County, Nevada (the "Notice of Filing").

///

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

### III.

### **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant FCM requests that the above-captioned action be removed from the Eighth Judicial District Court, Clark County, Nevada (Case No. A-23-874611-B), to proceed in this Court and that no further proceeding be had in this case in the state court proceeding.

DATED this 30th day of August 2023.

**HOLLAND & HART LLP**

*/s/ Robert J. Cassity*
Robert J. Cassity
Nevada Bar No. 9779
Erica C. Medley
Nevada Bar No. 13959
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for FCM MM Holdings, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2023, a true and correct copy of the foregoing **DEFENDANT FCM MM HOLDINGS, LLC's NOTICE OF REMOVAL** was served by the following method(s):

☒ Electronic: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Justin J. Bustos
**DICKINSON WRIGHT PLLC**
100 West Liberty Street, Suite 940
Reno, NV 89501
Email: jbustos@dickinson-wright.com

*Attorneys for Plaintiff*

Alexandra Rex Mayhugh
**COOLEY LLP**
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
Email: amayhugh@cooley.com

*Attorneys for Plaintiff*

Sarah Lightdale
Kaitland Kennelly
Amanda Liverzani
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Email: slightdale@cooley.com
kkennelly@cooley.com
aliverzani@cooley.com

*Attorneys for Plaintiff*

*/s/ Kristina R. Cole*
An Employee of Holland & Hart LLP

30320867_v1

6