# EXHIBIT A

## Kennelly, Kaitland

| | |
|---|---|
| **From:** | Kennelly, Kaitland |
| **Sent:** | Thursday, October 12, 2023 6:51 PM |
| **To:** | 'Reid Skibell' |
| **Cc:** | Lightdale, Sarah; George Santiago |
| **Subject:** | RE: Transfer |

Reid,

Thank you for your email. We are considering this proposal and will revert as soon as practicable. In the meantime, I want to note that your email does not accurately capture what we discussed regarding amendment of the SDNY complaint. I merely asked whether changing the words "place of business" to "executive office" would resolve the concerns you had articulated regarding Mark Sullivan's declaration in your prior email. I did not stake out the other positions you describe below.

Best,
Kaitland

**Kaitland M. Kennelly**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6643 office
+1 212 479 6275 fax
+1 917 291 1851 mobile
kkennelly@cooley.com

---

**From:** Reid Skibell <RSkibell@glennagre.com>
**Sent:** Thursday, October 12, 2023 9:48 AM
**To:** Kennelly, Kaitland <kkennelly@cooley.com>
**Cc:** Lightdale, Sarah <slightdale@cooley.com>; George Santiago <GSantiago@glennagre.com>
**Subject:** Transfer

**[External]**

---

Kaitland,

I am writing with respect to our last discussion on the issue of venue. As I noted, we believe it would be efficient for the parties to litigate any disputes between them in a single forum, which, if anyplace, should be the District of Nevada. You took issue with the fact that FCM, which is a Wyoming company, is contesting personal jurisdiction in the pending Nevada case brought by MindMed. I have now confirmed that FCM is willing to waive personal jurisdiction as a defense if MindMed will agree to consolidate the cases in the District of Nevada. To be clear, this does not mean that FCM is waiving any defenses with respect to the corporate form. While I do not represent FCM in the Nevada action, it is my understanding that its primary argument is that the allegations as to personal jurisdiction are insufficient because they turn on alter ego liability, which is inadequately pled. Please let me know as soon as possible if MindMed will agree to this proposal.

The other issue we discussed is the disjuncture between MindMed's NY complaint and its aborted attempt to transfer a separate case from the SDNY to the WDTX. While it will hopefully be unnecessary to fight over this issue, the parties appear to be at an impasse with respect to whether MindMed's Complaint needs to be withdrawn or amended. You explained that MindMed is declining to amend its Complaint even though it states that MindMed's principal place of

business is in New York, MindMed supposedly conducts "substantial business" in New York, and certain unidentified misconduct allegedly took place in New York. You explained that, at most, MindMed would consider amending the complaint in the future to state that its "principal executive office" is in New York. We continue to believe that is improper because Mr. Sullivan's declaration revealed that MindMed's New York office is a maildrop: It is "not an operational office . . . it is used for SEC registration purposes as a mailing address . . . ."

I am available should you wish to discuss any of these issues.

Thanks,

Reid

**Reid Skibell**
W: 212.970.1610
M: 917.293.0542
rskibell@glennagre.com



1185 Avenue of the Americas
New York, NY 10036

---

*******************************Important Notice *******************************
This email and any files transmitted with it are confidential and may be subject to the attorney-client or other privileges. Use or disclosure of this email or any such files by anyone other than the intended recipient is prohibited. If you are not the intended recipient, please notify the sender immediately and delete this message from your system.