UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT FREEMAN, JAKE FREEMAN, CHAD BOULANGER, FARZIN FARZANEH, VIVEK JAIN, ALEXANDER WODKA, and FCM MM HOLDINGS, LLC, <br><br> Defendants. | Civil Action No. 1:23-cv-07875 |

**STIPULATED
PROTECTIVE ORDER**

This matter having come before the Court by stipulation of plaintiff Mind Medicine (MindMed) Inc. ("MindMed") and defendants Scott Freeman, Jake Freeman, Chad Boulanger, Farzin Farzaneh, Vivek Jain, Alexander Wodka, and FCM MM Holdings, LLC (collectively, "Defendants," and together with MindMed, the "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by the Parties or their respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below (the "Stipulation"). Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED that:

1.  This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties and, as appropriate, non-parties, agree

merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.	Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential—Attorney's Eyes Only" either by notation on each page of the Document so designated, statement on the record at the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3.	As used herein:

(a)	"Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents and Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgement of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business.

(b)	"Highly Confidential – Attorney's Eyes Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of "Highly Confidential – Attorney's Eyes Only" constitutes a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

(c)	"Producing Party" shall mean the parties to this action and any non-parties

2

producing "Confidential information" or "Highly Confidential – Attorney's Eyes Only Information" in connection with depositions, document production, subpoenas, or otherwise, or the Party or non-party asserting the confidentiality designation, as the case may be.

(d) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential information" or "Highly Confidential – Attorney's Eyes Only Information" in connection with depositions, document production, subpoenas, or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information." If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential – Attorney's Eyes- Only Information. If such motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential – Attorney's Eyes Only Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

3

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) the Court, including any appellate court, its support personnel, and court reporters.

5.1 Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes Only Information shall not be furnished, shown, or

4

disclosed to any person or entity except to those identified in paragraphs 5(b)-5(i).

6. Confidential Information or Highly Confidential – Attorney's Eyes Only Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information or Highly Confidential – Attorney's Eyes Only Information is made to a person or entity referred to in paragraphs 5(d), 5(f), or 5(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information or Highly Confidential – Attorney's Eyes-Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential – Attorney's Eyes Only Information.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information" under the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential – Attorney's Eyes Only Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11. A Party may designate as "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information" subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality designation. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony

6

Case 1:23-cv-08875-DCC Document 45-1 Filed 12/14/23 Page 8 of 13

shall be treated as Confidential Information.

12. Nothing in this Stipulation and Order shall prevent a Producing Party, in good faith, from correcting an error as to the confidentiality designation of information that has already been produced to another party, provided that, upon discovery of any such error, the Producing Party promptly advises the Receiving Party of the error and produces replacement copies of the affected information bearing the correct confidentiality designation. Upon notice of the error and receipt of the replacement copies, the Receiving Party shall take all reasonable measures to ensure that the information is treated consistent with its corrected designation.

13. If any Party wishes to file with the Court any Confidential Information or Highly Confidential – Attorney's Eyes Only Information, such information shall be filed provisionally under seal or redacted pursuant to Rule 8(B) of the Court's Individual Practices in Civil Cases. Any Party shall have seven (7) days from the filing to request that all or a portion of the filed Confidential Information or Highly Confidential – Attorney's Eyes Only Information remain under seal, and any response to such motion shall be filed seven (7) days thereafter. Any Confidential Information or Highly Confidential – Attorney's Eyes Only Information provisionally sealed, and which no Party timely requests to remain under seal, shall be unsealed by the Court. In the event any or all of the Parties move for summary judgment, the Parties may, in lieu of the preceding timetable, propose a consolidated sealing motion schedule as to any filed Confidential Information or Highly Confidential – Attorney's Eyes Only Information within three business days after the motions for summary judgment are fully briefed.

14. Any person receiving Confidential Information or Highly Confidential - Attorney's Eyes Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable

7

measures to store and maintain the Confidential Information or Highly Confidential - Attorney's Eyes Only Information so as to prevent unauthorized disclosure.

15. Any document or information that may contain Confidential Information or Highly Confidential - Attorney's Eyes Only Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Confidential Information or Highly Confidential - Attorney's Eyes Only Information shall also be treated with the same level of confidentiality as the designated information from which it was derived in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information or Highly Confidential - Attorney's Eyes Only Information shall in no way constitute a waiver of the Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, Confidential Information or Highly Confidential - Attorney's Eyes Only Information. Failure to challenge a Confidential Information or Highly Confidential - Attorney's Eyes Only Information designation shall not preclude a subsequent challenge thereto.

18. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by

properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure. Furthermore, the Parties agree that the inadvertent production of information that is privileged or otherwise protected from discovery does not constitute a waiver of that privilege or protection. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential - Attorney's Eyes Only Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work

product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

22. If a Receiving Party is called upon to produce Confidential Information or Highly Confidential - Attorney's Eyes Only Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Highly Confidential - Attorney's Eyes Only Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or Highly Confidential - Attorney's Eyes Only Information if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: December 13, 2023

COOLEY LLP

By: _____
Sarah Lightdale
Aric Wu
Kaitland Kennelly
Amanda Liverzani
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
slightdale@cooley.com
ahwu@cooley.com
kkennelly@cooley.com
aliverzani@cooley.com

Alexandra Mayhugh (*admitted pro hac vice*)
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
amayhugh@cooley.com

*ATTORNEYS FOR PLAINTIFF*

11

Dated: December 13, 2023

GLENN AGRE BERGMAN & FUENTES LLP

By: _____
    L. Reid Skibell
    George L. Santiago
    Jason Rotstein

    1185 Avenue of the Americas, 22nd Floor
    New York, New York 10036
    Telephone: 212-970-1600
    rskibell@glennagre.com
    gsantiago@glennagre.com
    jrotstein@glennagre.com

*ATTORNEYS FOR DEFENDANTS*

December 14, 2023

SO ORDERED

By: _____
Denise L. Cote
United States District Judge

12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIND MEDICINE (MINDMED) INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SCOTT FREEMAN, JAKE FREEMAN, CHAD BOULANGER, FARZIN FARZANEH, VIVEK JAIN, ALEXANDER WODKA, and FCM MM HOLDINGS, LLC,<br><br>                    Defendants. | Civil Action No. 1:23-cv-07875 |

**NON-DISCLOSURE**
**AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Documents, Testimony, or other information that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Documents, Testimony, or other information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: