# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-970-1610

December 13, 2023

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*Denied.*

*Denise Cote*
*12/18/23*

Re: *Mind Medicine (MindMed) Inc. v. Scott Freeman et al.*, Case No. 1:23-cv-07875;
Letter Motion to Amend Scheduling Order under 15 U.S.C. § 78u-4(b)(3)(B)

Dear Judge Cote:

I write on behalf of defendants Scott Freeman, Jake Freeman, Chad Boulanger, Farzin Farzaneh, Vivek Jain, Alexander Wodka, and FCM MM Holdings, LLC ("Defendants") in the above-captioned matter. Recently, Defendants have moved to dismiss all of Plaintiff's claims (ECF No. 40), which arise under Section 14(a) of the Securities Exchange Act of 1934. Defendants' motion to dismiss thus triggered the mandatory stay of discovery set forth in the Private Securities Litigation Reform Act of 1995. 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter [the Securities Exchange Act of 1934], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"); *see Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022) ("The statutory text is crystal clear. In mandatory prose, it provides that *all* discovery shall be stayed during the pendency of *any* motion to dismiss."); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (Cote, J.) (explaining the purpose for the mandatory stay).

Pursuant to Rule 1.E of Your Honor's Rules of Individual Practices in Civil Cases, I therefore respectfully request an adjournment of the dates in the November 9, 2023 Scheduling Order ("Order" or "Ord.," ECF No. 37), until such time as there is a decision on Defendants' motion.

Defendants' counsel communicated with Plaintiff's counsel regarding Defendants' intent to file this Letter Motion on December 12, 2023. Plaintiff's counsel informed Defendants earlier today that they would not join the motion because, in their view, "a discovery stay is not practical with the case schedule and a fact discovery cutoff just five months away." However, the stay is mandatory, and it is particularly appropriate given that Plaintiff is a publicly traded company pursuing a Section 14(a) claim against its own shareholders. As set forth in Defendants' motion, this is a novel circumstance and there are fundamental questions as to whether such a claim is even cognizable. Discovery would be premature until the gating issues are decided.

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

GLENN AGRE BERGMAN & FUENTES

December 13 2023
Page 2 of 2

      I am available to address the above matters through briefing or oral argument, if either would be helpful to the Court.

Sincerely,

By:   */s/ Reid Skibell*

L. Reid Skibell

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com