UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

MIND MEDICINE (MINDMED) INC.,

                Plaintiff,

        v.

SCOTT FREEMAN, JAKE FREEMAN,
CHAD BOULANGER, FARZIN
FARZANEH, VIVEK JAIN, ALEXANDER
WODKA, and FCM MM HOLDINGS, LLC,

                Defendants.

------------------------------------------------------- X

Case No. 1:23-CV-07875 (DLC)

## STIPULATION, ORDER & PERMANENT INJUNCTION

**WHEREAS**, on September 5, 2023, in the above-titled action, Plaintiff Mind Medicine (MindMed) Inc. ("MindMed" or the "Company") filed a complaint in the United States District Court for the Southern District of New York, Case No. 23-cv-7875 (the "Action"), for damages, declaratory relief, and injunctive relief against Defendants FCM MM Holdings, LLC ("FCM"), Scott Freeman, Jake Freeman, Chad Boulanger, Farzin Farzaneh, Vivek Jain, and Alexander Wodka (collectively "Defendants," and with MindMed, the "Parties") in connection with Defendants' alleged violations of Section 14(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9; and

**WHEREAS**, the Parties have entered into a confidential settlement and release agreement ("Settlement Agreement") to fully resolve the Action.

**IT IS HEREBY STIPULATED AND ORDERED:**

    1.    MindMed's claims for relief against Defendants in the Action are hereby dismissed with prejudice;

    2.    Defendants and any related estate vehicles, including but not limited to the Scott

Freeman 2021 Irrevocable Trust and the Scott Mitchell Freeman Revocable Living Trust US 03-10-2012, (the "Defendant Committed Parties") are ENJOINED and RESTRAINED for a period of five years from the Dismissal Date, as that term is defined in the Settlement Agreement (the "Commitment Period"), from:

a. Making or causing to be made any public communication or statement of any kind (verbal or in writing) relating to the Company or any of its past or present directors, officers, affiliates, subsidiaries, employees, or representatives, except for statements consistent with and limited to the information contained in this Stipulation, Order & Permanent Injunction ("Stipulated Injunction") and as otherwise provided in the Settlement Agreement;

b. Making or causing to be made any communication relating to the Company to any customer, supplier, or other party with whom the Company maintains a business relationship, except for statements consistent with and limited to the information contained in this Stipulated Injunction and as otherwise provided in the Settlement Agreement;

c. Making any representation or warranty in the Settlement Agreement relating to their ownership or control of Company shares or the termination of any agreement relating to the Company that is not true, complete, and accurate;

d. Nominating or recommending any director nominees for election as directors of the Company;

e. Submitting any proposal for consideration at any shareholder meeting of the Company;

f. Supporting any other shareholder of the Company to take any of the prohibited actions described in (d) or (e) above;

g. Purchasing any securities, derivative or synthetic positions, or indebtedness of the Company;

h. Depositing any Company shares in any voting trust or entering into a voting agreement or "group" with other shareholders of the Company;

i. Submitting any proposal for consideration by shareholders of the Company at any meeting of shareholders;

j. Soliciting proxies regarding any matter to come before any meeting of shareholders of the Company;

  k. Calling, or seeking to call, any meeting of shareholders of the Company;

  l. Encouraging any person to submit nominees in furtherance of a contested solicitation for the election or removal of directors of the Company;

  m. Demanding a copy of the Company's list of shareholders or its other books and records;

  n. Commencing or joining any litigation, arbitration, or any class action or other proceeding against the Company or any of its current or former directors, officers, affiliates, subsidiaries, employees, or representatives; and

  o. Making any public request or submitting any public proposal to amend or waive the terms of the standstill provision in the Settlement Agreement.

3. For the avoidance of doubt, nothing herein is intended to limit the right of any Party to commence litigation upon breach of the Settlement Agreement or any provision identified in Section 13 of the Settlement Agreement. Moreover, the Company agrees not to block Defendant Committed Parties from participating passively in any class action recovery as stockholders, and agrees not to treat any Defendant Committed Party, in its capacity as a MindMed stockholder (where applicable), less favorably than the Company treats any other stockholder.

4. MindMed and MindMed's officers and directors are ENJOINED and RESTRAINED during the Commitment Period from making or causing to be made any public communication or statement of any kind (verbal or in writing) relating to Jake Freeman, except for statements consistent with and limited to the information contained in this Stipulated Injunction and as otherwise provided in the Settlement Agreement.

5. The Defendant Committed Parties are ENJOINED and COMPELLED during the Commitment Period to:

  a. Take down websites and other material related to MindMed as identified in the Settlement Agreement;

  b. Vote their shares as the Company's Board of Directors (the "Board") recommends on all matters presented to MindMed shareholders, including,

but not limited to, voting in favor of each of the director nominees recommended by the Board in the election of directors and against any director nominees that have not been recommended by the Board; and

c. Grant proxy to the Company to vote their shares as described above.

6. Failure to comply with this Stipulated Injunction shall be deemed contempt of Court.

7. Prior to bringing any action to enforce the Stipulated Injunction, the non-breaching Party will inform the breaching Party of the alleged breach in writing and provide an opportunity to cure. The breaching Party has two business days to cure a breach of § 2(a)-(b) and five business days to cure all other breaches of this Stipulated Injunction. Should the breaching Party cure the alleged breach within the time specified in the Settlement Agreement, the non-breaching Party shall have no basis to seek to enforce the Stipulated Injunction. If the breach has been cured within the required time, this shall be a complete defense to any action to enforce the Stipulated Injunction.

8. The Honorable Denise Cote, United States District Judge, shall retain jurisdiction for the limited purpose of enforcement of this Stipulated Injunction, including determinations of damages and attorneys' fees that may be recoverable in connection with any proceeding to enforce the Stipulated Injunction.

9. The prevailing Party, in whole or substantial part, in any action to enforce this Stipulated Injunction will be entitled to payment of his or its reasonable attorneys' fees and expenses.

10. The Clerk of this Court shall enter Judgment terminating the above-titled action.

So ordered.

*[signature]*
5/10/24

4